```
┌────────────────────────────────────┐
│ USDC SDNY                           │
│ DOCUMENT                            │
│ ELECTRONICALLY FILED                │
│ DOC #:_____              │
│ DATE FILED:  1/9/2020               │
└────────────────────────────────────┘
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

**SECURITIES AND EXCHANGE COMMISSION,**

                                        **Plaintiff,**

    v.

**STEVE M. BAJIC,**
**RAJESH TANEJA,**
**NORFOLK HEIGHTS LTD.,**
**FOUNTAIN DRIVE LTD.,**
**ISLAND FORTUNE GLOBAL LTD.,**
**CRYSTALMOUNT LTD.,**
**WISDOM CHAIN LTD.,**
**SSID LTD.,**
**SURE MIGHTY LTD.,**
**TAMARIND INVESTMENTS INC.,**
**KENNETH CIAPALA,**
**ANTHONY KILLARNEY,**
**BLACKLIGHT SA,**
**CHRISTOPHER LEE MCKNIGHT, and**
**AARON DALE WISE,**

                                        **Defendants.**

**Civil Action No. 20-cv-00007-LGS**

---

## ORDER FREEZING AND REPATRIATING ASSETS

Having considered the motion for an asset freeze, and other preliminary relief filed by

plaintiff Securities and Exchange Commission ("the Commission"), as well as the Complaint, the

Commission's memorandum of law, and the accompanying declaration of Trevor Donelan, the

Court finds that the Commission has shown that:  (1) it is reasonably likely to establish that

Steve M. Bajic, Rajesh Taneja, Norfolk Heights Ltd., Fountain Drive Ltd., Island Fortune Global

Ltd., Crystalmount Ltd., Wisdom Chain Ltd., SSID Ltd., Sure Mighty Ltd., and Tamarind

Investments Inc. (collectively, the "Bajic-Taneja Defendants") have directly or indirectly

engaged in the violations alleged in the Complaint; (2) there is a likelihood that unless restrained

and enjoined by Order of this Court, the Bajic-Taneja Defendants may dissipate and conceal assets which could be subject to an order of disgorgement or an order to pay a civil monetary penalty in this action; and (3) entry of an order repatriating the Bajic-Taneja Defendants' assets to the United States is in the public interest.  In consideration of the foregoing:

## I.

**IT IS HEREBY ORDERED** that:

A.      The Bajic-Taneja Defendants, and each of their officers, agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including facsimile transmission, electronic mail, or overnight delivery service, shall hold and retain funds and other assets of the Bajic-Taneja Defendants and presently held by them, for their direct or indirect benefit, under their direct or indirect control or over which they exercise actual or apparent investment or other authority (including assets held in the name of or for the benefit of the Bajic-Taneja Defendants, in whatever form such assets may presently exist and wherever located, and shall prevent any withdrawal, sale, payment (including, but not limited to, any charges on any credit card or draws on any other credit arrangement)), transfer, dissipation, assignment, pledge, alienation, encumbrance, disposal, or diminution in value of any such funds or other assets, which are hereby frozen, including, but not limited to, such funds held in the following accounts:

| Institution | Location | Possible Acct Name(s) | Possible Acct No(s) |
|---|---|---|---|
| China Galaxy Securities International | United States | Rajesh Taneja | x6000 |
| | | Fountain Drive Ltd. | x7000 |
| | | Island Fortune Global Ltd. | TBD |
| | | Crystalmount Ltd. | TBD |
| | | Wisdom Chain Ltd. | TBD |
| | | Sure Mighty Ltd. | TBD |
| | | SSID Ltd. | TBD |
| | | Tamarind Investments, Inc. | TBD |
| | | Chaine Des Rotisseurs Ltd. | TBD |

| Institution | Location | Possible Acct Name(s) | Possible Acct No(s) |
|---|---|---|---|
| DBS Bank (Hong Kong) Limited | Hong Kong | Artefactor Limited<br>Sim Conference Limited<br>Tamarind Investments, Inc. | x4377<br>x6777<br>x8894 |
| Hang Seng Bank Limited | Hong Kong | Digital Solutions Ltd.<br>Sure Mighty Limited<br>True Champion Holdings Ltd. | x6883<br>x6883<br>x9883 |
| HSBC Hong Kong | Hong Kong | Right Power Services Ltd.<br>Success Zone Technology Ltd.<br>Key Choice Corporation Ltd<br>Fountain Drive Ltd.<br>Oriental Rainbow Group Ltd.<br>Alabron Capital Corp.<br>Provido Ventures, Inc.<br>Iceberg Investments<br>    Management Group<br>LL Partner Ltd. | x0838<br>x4838<br>x3838<br>x3838<br>x0838<br>x4838<br>x6838<br>x6838<br><br>x9838 |
| RHB Securities (Hong Kong) Limited | Hong Kong | Norfolk Heights Ltd.<br>Fountain Drive Ltd.<br>Island Fortune Global Ltd.<br>Crystalmount Ltd.<br>Wisdom Chain Ltd.<br>Sure Mighty Ltd.<br>SSID Ltd.<br>Tamarind Investments, Inc.<br>Chaine Des Rotisseurs Ltd.<br>Rajesh Taneja<br>Steven Bajic | x2519<br>x2050<br>x1845<br>x1864<br>x3273<br>x3411<br>x2014<br>x2447<br>x3511<br>x1749<br>x1841 |
| Yuanta Securities (HK) Company Limited | Hong Kong | Fountain Drive Ltd.<br>Tamarind Investments, Inc.<br>Sure Mighty Ltd.<br>Rajesh Taneja | 2385xxx<br>2380xxx<br>2402xxx<br>1376xxx |
| Bank of Singapore | Singapore | SSID Ltd.<br>Fountain Drive Ltd.<br>Tamarind Investments, Inc.<br>Chaine Des Rotisseurs Ltd.<br>Rajesh Taneja | x3876<br>x3889<br>x3890<br>x6113<br>x3873 |
| DBS Treasuries Private Client | Singapore | | |
| DBS Vickers Securities | Singapore | | |
| Overseas Chinese Banking Corp. | Singapore | Island Fortune Global Ltd.<br>Pacific Asia Capital Pte Ltd.<br>SSID Ltd.<br>Crystalmount Ltd.<br>Fountain Drive Ltd. | x5301<br>x0301<br>x0301<br>x9301<br>x0301 |
| United Overseas Bank | Singapore | Lion State Capital Pte Ltd.<br>Star Step Limited<br>Conversant Solutions Pte Ltd.<br>Conversant Pte<br>Golden Gulf Holdings Ltd. | x9939<br>x9521<br>x5740<br>x6469<br>x6047 |
| Bank of Montreal | Canada | Norfolk Heights Ltd.<br><br>Wisdom Chain Ltd. | x3602<br>x9040<br>x6917 |
| Haywood Securities | Canada | Norfolk Heights Ltd. | x005C |

| Institution | Location | Possible Acct Name(s) | Possible Acct No(s) |
|---|---|---|---|
| | | Fountain Drive Ltd. | x064C |

B.      All banks, brokerage, and other financial institutions (including but not limited to those listed in Paragraph I.A) and other persons or entities (including but not limited to payment processors, investors and/or promoters) that receive actual notice of this Order by personal service or otherwise, including via facsimile or email transmission, or overnight delivery service, holding any funds or other assets in the name, for the direct or indirect benefit, or under the direct or indirect control of the Bajic-Taneja Defendants or over which the Bajic-Taneja Defendants exercise actual or apparent investment or other authority, in whatever form such assets may presently exist and wherever located, shall hold and retain within their control and prohibit the withdrawal, removal, sale, payment (including, but not limited to, any charges on any credit card or draws on any other credit arrangement), transfer, dissipation, assignment, pledge, alienation, encumbrance, diminution in value, or other disposal of any such funds or other assets; and that such funds and assets are hereby frozen.

C.      The above Paragraphs I.A and I.B shall immediately cease to apply to any assets located within the United States, including any bank, brokerage or other financial institution account, which becomes subject to any later order entered by any federal court as a result of proceedings which may be filed by the United States or any department or agency thereof under any federal civil or criminal forfeiture statute, to the extent such later order requires the transfer of any asset to the United States government.

## II.

**IT IS HEREBY FURTHER ORDERED** that the Bajic-Taneja Defendants, and each of their officers, agents, servants, employees and attorneys, and those persons in active concert or

participation with them who receive actual notice of this Order by personal service or otherwise, including via facsimile or email transmission, or overnight delivery service, and each of them, shall, within five days of receiving actual notice of this Order, take such steps as are necessary to repatriate and deposit into the registry of the Court in an interest bearing account, any and all funds or assets that presently may be located outside of the United States that were obtained directly or indirectly from the trading described in the Complaint.

III.


   **IT IS HEREBY FURTHER ORDERED** that the conditions set forth in the preceding paragraphs of this Order shall expire on April 9, 2020, but this temporal limitation is applied without prejudice to an extension (upon Plaintiff's motion).

Dated: January 9, 2020
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE