USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/15/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>       **Plaintiff,**<br><br>  v.<br><br>STEVE M. BAJIC,<br>RAJESH TANEJA,<br>NORFOLK HEIGHTS LTD.,<br>FOUNTAIN DRIVE LTD.,<br>ISLAND FORTUNE GLOBAL LTD.,<br>CRYSTALMOUNT LTD.,<br>WISDOM CHAIN LTD.,<br>SSID LTD.,<br>SURE MIGHTY LTD.,<br>TAMARIND INVESTMENTS INC.,<br>KENNETH CIAPALA,<br>ANTHONY KILLARNEY,<br>BLACKLIGHT SA,<br>CHRISTOPHER LEE MCKNIGHT, and<br>AARON DALE WISE,<br><br>       **Defendants.** | Civil Action No. 20-CV-0007-LGS<br><br>SO ORDERED.<br><br>Dated: January 15, 2020<br>New York, New York<br><br>*/s/ Lorna G. Schofield*<br>**LORNA G. SCHOFIELD**<br>**UNITED STATES DISTRICT JUDGE** |

## REVISED ORDER FREEZING AND REPATRIATING ASSETS

Having considered the motion for an asset freeze, other preliminary relief filed by plaintiff Securities and Exchange Commission ("the Commission"), as well as the Complaint, the Commission's memorandum of law, and the accompanying declaration of Trevor Donelan, the Court finds that the Commission has shown that: (1) it is reasonably likely to establish that Steve M. Bajic, Rajesh Taneja, Norfolk Heights Ltd., Fountain Drive Ltd., Island Fortune Global Ltd., Crystalmount Ltd., Wisdom Chain Ltd., SSID Ltd., Sure Mighty Ltd., and Tamarind Investments Inc. (collectively, the "Bajic-Taneja Defendants") have directly or indirectly engaged in the violations alleged in the Complaint; (2) there is a likelihood that unless restrained

and enjoined by Order of this Court, the Bajic-Taneja Defendants may dissipate and conceal assets which could be subject to an order of disgorgement or an order to pay a civil monetary penalty in this action; and (3) entry of an order repatriating the Bajic-Taneja Defendants' assets to the United States is in the public interest. In consideration of the foregoing:

## I.

**IT IS HEREBY ORDERED** that:

A. The Bajic-Taneja Defendants, and each of their officers, agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including facsimile transmission, electronic mail, or overnight delivery service, shall hold and retain funds and other assets of any of the Bajic-Taneja Defendants presently held by them, for their direct or indirect benefit, under their direct or indirect control or over which they exercise actual or apparent investment or other authority (including assets held in the name of or for the benefit of any of the Bajic-Taneja Defendants, in whatever form such assets may presently exist and wherever located, and shall prevent any withdrawal, sale, payment (including, but not limited to, any charges on any credit card or draws on any other credit arrangement)), transfer, dissipation, assignment, pledge, alienation, encumbrance, disposal, or diminution in value of any such funds or other assets, which are hereby frozen, including, but not limited to, real property located at 7850 Mayfield St. V6B OH6 Burnaby, British Columbia BC V5E 2J6, and funds held in the following accounts:

| Institution | Location | Possible Acct Name(s) | Possible Acct No(s) |
|---|---|---|---|
| China Galaxy Securities International | Hong Kong | Rajesh Taneja<br>Fountain Drive Ltd. | x6000<br>x7000 |
| DBS Bank (Hong Kong) Limited | Hong Kong | Tamarind Investments, Inc. | x8894 |
| Hang Seng Bank Limited | Hong Kong | Sure Mighty Limited | x6883 |

| Institution | Location | Possible Acct Name(s) | Possible Acct No(s) |
|---|---|---|---|
| HSBC Hong Kong | Hong Kong | Fountain Drive Ltd. <br> SSID Ltd. | x3838 <br> x2838 |
| RHB Securities (Hong Kong) Limited | Hong Kong | Norfolk Heights Ltd. <br> Fountain Drive Ltd. <br> Island Fortune Global Ltd. <br> Crystalmount Ltd. <br> Wisdom Chain Ltd. <br> Sure Mighty Ltd. <br> SSID Ltd. <br> Tamarind Investments, Inc. <br> Chaine Des Rotisseurs Ltd. <br> Rajesh Taneja <br> Steven Bajic | x2519 <br> x2050 <br> x1845 <br> x1864 <br> x3273 <br> x3411 <br> x2014 <br> x2447 <br> x3511 <br> x1749 <br> x1841 |
| Yuanta Securities (HK) Company Limited | Hong Kong | Fountain Drive Ltd. <br> Tamarind Investments, Inc. <br> Sure Mighty Ltd. <br> Rajesh Taneja | 2385xxx <br> 2380xxx <br> 2402xxx <br> 1376xxx |
| Standard Chartered Bank (HK) Limited | Hong Kong | Rajesh Taneja | x0103 |
| Bank of Singapore | Singapore | SSID Ltd. <br> Fountain Drive Ltd. <br> Tamarind Investments, Inc. <br> Chaine Des Rotisseurs Ltd. <br> Rajesh Taneja | x3876 <br> x3889 <br> x3890 <br> x6113 <br> x3873 |
| DBS Treasuries Private Client | Singapore | Rajesh Taneja | x4865 <br> x0616 <br> x0709 <br> x3160 |
| DBS Vickers Securities | Singapore | Rajesh Taneja | x7438 |
| Overseas Chinese Banking Corp. | Singapore | Island Fortune Global Ltd. <br> SSID Ltd. <br> Crystalmount Ltd. <br> Fountain Drive Ltd. <br> Rajesh Taneja <br> Sienna Institute Inc. <br> Dragon Innovation Ltd. | x5301 <br> x0301 <br> x9301 <br> x0301 <br> x3001 <br> x3301 <br> x8301 |
| Bank of Montreal | Canada | Norfolk Heights Ltd. <br><br> Wisdom Chain Ltd. <br><br><br> Orange Capital Corp. <br><br> Margaux Red Capital Inc. <br> Steve Bajic <br><br><br> BM Moly Resources Ltd <br> Bormal Resources Inc. | x3602 <br> x9040 <br> x6917 <br> x6914 <br> x7566 <br> x9747 <br> x4638 <br> x9842 <br> x3263 <br> x4614 <br> x7505 <br> x4324 <br> x5933 |
| Haywood Securities | Canada | Rajesh Taneja <br> Fountain Drive Ltd. <br> Steve Bajic | x005C <br> x064C <br> x123C <br> x123U |

| Institution | Location | Possible Acct Name(s) | Possible Acct No(s) |
|---|---|---|---|
| Toronto-Dominion Bank | Canada | Hexagon Ventures Inc.<br><br>Steve Bajic | x2365<br>x4103<br>x7836<br>x3633 |
| Canadian Imperial Bank of Commerce | Canada | Orange Capital Corp. | x9913<br>x4010 |

  B. All banks, brokerage, and other financial institutions (including but not limited to those listed in Paragraph I.A) and other persons or entities (including but not limited to payment processors, investors and/or promoters) that receive actual notice of this Order by personal service or otherwise, including via facsimile or email transmission, or overnight delivery service, holding any funds or other assets in the name, for the direct or indirect benefit, or under the direct or indirect control of any of the Bajic-Taneja Defendants or over which any of the Bajic-Taneja Defendants exercise actual or apparent investment or other authority, in whatever form such assets may presently exist and wherever located, shall hold and retain within their control and prohibit the withdrawal, removal, sale, payment (including, but not limited to, any charges on any credit card or draws on any other credit arrangement), transfer, dissipation, assignment, pledge, alienation, encumbrance, diminution in value, or other disposal of any such funds or other assets; and that such funds and assets are hereby frozen.

  C. The above Paragraphs I.A and I.B shall immediately cease to apply to any assets located within the United States, including any bank, brokerage or other financial institution account, which becomes subject to any later order entered by any federal court as a result of proceedings which may be filed by the United States or any department or agency thereof under any federal civil or criminal forfeiture statute, to the extent such later order requires the transfer of any asset to the United States government.


| Institution | Location | Possible Acct Name(s) | Possible Acct No(s) |
|---|---|---|---|
| Toronto-Dominion Bank | Canada | Hexagon Ventures Inc.<br><br>Steve Bajic | x2365<br>x4103<br>x7836<br>x3633 |
| Canadian Imperial Bank of Commerce | Canada | Orange Capital Corp. | x9913<br>x4010 |

  B. All banks, brokerage, and other financial institutions (including but not limited to those listed in Paragraph I.A) and other persons or entities (including but not limited to payment processors, investors and/or promoters) that receive actual notice of this Order by personal service or otherwise, including via facsimile or email transmission, or overnight delivery service, holding any funds or other assets in the name, for the direct or indirect benefit, or under the direct or indirect control of any of the Bajic-Taneja Defendants or over which any of the Bajic-Taneja Defendants exercise actual or apparent investment or other authority, in whatever form such assets may presently exist and wherever located, shall hold and retain within their control and prohibit the withdrawal, removal, sale, payment (including, but not limited to, any charges on any credit card or draws on any other credit arrangement), transfer, dissipation, assignment, pledge, alienation, encumbrance, diminution in value, or other disposal of any such funds or other assets; and that such funds and assets are hereby frozen.

  C. The above Paragraphs I.A and I.B shall immediately cease to apply to any assets located within the United States, including any bank, brokerage or other financial institution account, which becomes subject to any later order entered by any federal court as a result of proceedings which may be filed by the United States or any department or agency thereof under any federal civil or criminal forfeiture statute, to the extent such later order requires the transfer of any asset to the United States government.

**II.**

**IT IS HEREBY FURTHER ORDERED** that the Bajic-Taneja Defendants, and each of their officers, agents, servants, employees and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including via facsimile or email transmission, or overnight delivery service, and each of them, shall, within five days of receiving actual notice of this Order, take such steps as are necessary to repatriate and deposit into the registry of the Court in an interest bearing account, any and all funds or assets that presently may be located outside of the United States that were obtained directly or indirectly from the trading described in the Complaint.

**III.**

**IT IS HEREBY FURTHER ORDERED** that the conditions set forth in the preceding paragraphs of this Order shall expire on April 9, 2020, but this temporal limitation is applied without prejudice to an extension (upon Plaintiff's motion).