USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/30/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>Plaintiff,<br>v.<br><br>STEVE M. BAJIC,<br>RAJESH TANEJA,<br>NORFOLK HEIGHTS LTD.,<br>FOUNTAIN DRIVE LTD.,<br>ISLAND FORTUNE GLOBAL LTD.,<br>CRYSTALMOUNT LTD.,<br>WISDOM CHAIN LTD.,<br>SSID LTD.,<br>SURE MIGHTY LTD.,<br>TAMARIND INVESTMENTS INC.,<br>KENNETH CIAPALA,<br>ANTHONY KILLARNEY,<br>BLACKLIGHT SA,<br>CHRISTOPHER LEE MCKNIGHT, and<br>AARON DALE WISE,<br><br>Defendants. | Civil Action No. 20-CV-0007-LGS |

## STIPULATION AND ORDER FREEZING ASSETS
## AS TO DEFENDANT STEVE M. BAJIC

Plaintiff Securities and Exchange Commission ("the Commission") and defendant Steve M. Bajic ("Bajic"), hereby agree and stipulate as follows:

1. On January 6, 2020, the Commission filed a motion for an order freezing and repatriating assets (Dkt. No. 5) belonging to, or under the control of, defendants Steve M. Bajic, Rajesh Taneja, Norfolk Heights Ltd., Fountain Drive Ltd., Island Fortune Global Ltd., Crystalmount Ltd., Wisdom Chain Ltd., SSID Ltd., Sure Mighty Ltd., and Tamarind Investments Inc. (collectively the "Bajic-Taneja Defendants").

2. On January 9, 2020, the Court issued an Order Freezing and Repatriating Assets (Dkt. No. 37, the "Original Asset Freeze Order").

1

3. On January 15, 2020, on the Commission's motion, the Court issued a Revised Order Freezing and Repatriating Assets (Dkt. No. 45, the "Revised Asset Freeze Order").

4. On January 15, 2020, Bajic filed a letter that was treated by the Court as a motion to vacate or amend the Revised Asset Freeze Order. Dkt. No. 44.

5. The Court ordered the parties to attempt to reach a compromise that would address Bajic's objections and his request to use certain assets to pay reasonable attorneys' fees and living expenses. Dkt. No. 46.

6. When entering into this Stipulation and Order, the Commission has relied on a sworn statement from Bajic of his assets, income, and liabilities, including a description of the nature of Bajic's employment, which he provided under the penalty of perjury. If at any time following the entry of this Stipulation and Order, the Commission obtains information indicating that Bajic's representations to the Commission concerning his assets, income, liabilities or ongoing employment, were fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made, the Commission may, at its sole discretion, petition the Court to vacate this Stipulation and Order and reimpose the Revised Asset Freeze on Defendant Bajic.

7. The parties hereby stipulate, and the Court orders, as follows:

I.

**IT IS HEREBY STIPULATED, AGREED AND ORDERED** that in entering into this stipulation Bajic is not waiving his objections that the Complaint in this case has not been served on him, nor has he waived his objections with respect to venue and personal jurisdiction.

II.

**IT IS HEREBY STIPULATED, AGREED AND ORDERED** that the Original Asset Freeze Order and the Revised Asset Freeze Order are vacated as to Bajic but not as to any of the other parties listed in those Orders. The Revised Asset Freeze Order remains in full force and effect as to all of the Bajic-Taneja Defendants other than Bajic himself.

III.

**IT IS HEREBY STIPULATED, AGREED AND ORDERED** that:

A. Defendant Bajic, and each of his, agents, servants, employees and attorneys and those persons in active concert or participation with him who receive actual notice of this Stipulation and Order by personal service or otherwise, including facsimile transmission, electronic mail, or overnight delivery service, shall hold and retain the funds held by Bajic, or for his direct or indirect benefit, or under his direct or indirect control in the following accounts, and shall prevent any withdrawal, sale, payment (including, but not limited to, any charges on any credit card or draws on any other credit arrangement), transfer, dissipation, assignment, pledge, alienation, encumbrance, disposal, or diminution in value of any such funds or other assets, which are hereby frozen:

| Institution | Account | Acct No(s) |
|---|---|---|
| Haywood Capital Markets | RRSP | ***-*123-C |
| Haywood Capital Markets | Tax free savings account | ***-*123-C |
| Canaccord Genuity Corp. | Cash account (CAD) | ***-*09A-1 |
| PI Financial Corp. | Cash account (CDN Funds) | ***-*840-2 |

B. All banks, brokerage, and other financial institutions listed in Paragraph III.A that receive actual notice of this Order by personal service or otherwise, including via facsimile or email transmission, or overnight delivery service, holding the accounts listed in Paragraph III.A shall hold and retain within their control and prohibit the withdrawal, removal, sale, payment

(including, but not limited to, any charges on any credit card or draws on any other credit arrangement), transfer, dissipation, assignment, pledge, alienation, encumbrance, diminution in value, or other disposal of any such funds or other assets; and such funds and assets are hereby frozen.

C. The above Paragraphs III.A and III.B shall immediately cease to apply to any assets located within the United States, including any bank, brokerage or other financial institution account, which becomes subject to any later order entered by any federal court as a result of proceedings which may be filed by the United States or any department or agency thereof under any federal civil or criminal forfeiture statute, to the extent such later order requires the transfer of any assets to the United States government.

IV.

**IT IS HEREBY STIPULATED, AGREED AND ORDERED** that the following accounts held by Defendant Bajic are not subject to this Stipulation and Order, are not frozen, and may be used by Bajic:

| Institution | Account | Acct No(s) |
|---|---|---|
| TD Canada Trust | TD All-Inclusive Banking Plan | **** ****614 |
| TD Canada Trust | Borderless Plan | *** ****836 |
| TD Canada Trust | TD Every Day Savings Account | *** ****308 |
| Vancity Savings | Jumpstart High Interest Savings Account | *********327 |
| HSBC Bank Canada | High Rate Savings Account | ******-203 |
| Raiffeisen Bank | Savings Account | *******334 |
| DBS Bank Ltd. | Savings Plus Account | ***-*-***143 |
| Haywood Capital Markets | Canadian Dollar Margin | ***-*123-C |
| Haywood Capital Markets | US Dollar Margin | ***-*123-U |
| Haywood Capital Markets | Canadian Dollar Cash | ***-*240-C |
| TD Canada Trust | TD Every Day A Business Plan (CAD) | **** ***103 |
| TD Canada Trust | TD Every Day A Business Plan (USD) | *** ****365 |
| Haywood | CAD Cash Account | ***-*210-C |
| Haywood | CAD Margin Account | ***-*120-C |
| Haywood | USD Cash Account | ***-*120-U |
| Haywood | CAD Cash Account | ***-*512-C |
| Haywood | USD Cash Account | ***-*512-U |
| TD Canada Trust | TD Basic Business Plan | ****-****030 |

| Institution | Account | Acct No(s) |
|---|---|---|
| Haywood | CAD Cash Account | ***-*837-C |
| Haywood | USD Cash Account | ***-*837-U |
| Haywood | CAD Margin Account | ***-*837-C |
| Haywood | USD Margin Account | ***-*837-U |

V.

**IT IS HEREBY STIPULATED, AGREED AND ORDERED** that this Order is entered without prejudice to any party's right to seek modification or relief from any part of this Order from the Court. Unless otherwise ordered by the Court, this Order shall remain in effect until entry of a Final Judgment as to Defendant Bajic or other final disposition of this action as to him.

Respectfully submitted,

/s/ Kathleen Shields

Kathleen Burdette Shields (admitted pro hac vice)
Rebecca Israel
Securities and Exchange Commission
33 Arch St., 24th Floor
Boston, MA 02110
(617) 573-8904 (Shields)
(617) 573-8827 (Israel)
shieldska@sec.gov; israelr@sec.gov

Counsel for Securities and Exchange Commission

/s/
Steve M. Bajic

**SO ORDERED:**

/s/ Lorna G. Schofield
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

Dated: _January 30_, 2020

5