

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
Boston Regional Office
33 Arch St., 24th Floor
Boston, MA 02110
Telecopier:  (617) 573-4590

DIVISION OF ENFORCEMENT

Kathleen Shields
Telephone: (617) 573-8904
E-mail: shieldska@sec.gov

April 2, 2020

**BY ECF**
Honorable Lorna G. Schofield
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 1106
New York, NY  10007

RE:    *Securities and Exchange Commission v. Bajic, et al.*, No. 1:20-cv-00007-LGS

Dear Judge Schofield:

In accordance with the Court's January 10, 2020 Order (Dkt. No. 40), the plaintiff
Securities and Exchange Commission ("Commission") and counsel for defendant Rajesh Taneja
("Taneja") hereby submit the following information in advance of the initial pre-trial conference
for this matter.   Counsel for the Commission solicited input both on this letter and on the
attached proposed case management plan from counsel for all of the defendants with whom we
have been in contact.  In the case of defendant Steve Bajic, the Commission and Mr. Bajic
request that the pretrial conference and his input into the proposed case schedule be adjourned
for 60 days because of certain extenuating circumstances affecting Mr. Bajic.

*(1)  Nature of the case; principal claims and defenses; major legal and factual issues most
     important to resolving the case.*

*Commission's statement*: This is a securities fraud enforcement action.  The principal
claims are (1) that defendants Bajic and Taneja, and the entities they controlled (defendants
Norfolk Heights Ltd., Fountain Drive Ltd., Island Fortune Global Ltd., Crystalmount Ltd.,
Wisdom Chain Ltd., SSID Ltd., Sure Mighty Ltd., and Tamarind Investments Inc.), schemed
with defendants Ciapala and Killarney, the principals of defendant Blacklight SA (all
collectively, the "Platform Defendants"), to enable public company control persons fraudulently
to sell stock to retail investors in the public United States securities markets; (2) that defendants
McKnight and Wise facilitated the transfer of funds for the public company control persons and
fraudulently disguised the sources of funds used to pay for stock promotional services, in
furtherance of the scheme.  The Commission alleges that the Platform Defendants thereby
violated Sections 5(a), 5(c), and 17(a)(1) and (3) of the Securities Act of 1933 ("Securities Act"),
and Sections 10(b), 13(d), and 15(a) of the Securities Exchange Act of 1934 ("Exchange Act")
and Rules 10b-5(a) and (c) thereunder; as well as aided and abetted various control groups'
violations of  Sections 5(a), 5(c), and 17(a)(1) and (3) of the Securities Act and Section 10(b) of
the Exchange Act and Rules 10b-5(a) and (c) thereunder.  The Commission alleges that

1

defendant McKnight violated Section 17(a)(3) of the Securities Act and aided and abetted violations by the Platform Defendants and various control groups of Sections 5(a), 5(c), 17(a)(1) and (3) of the Securities Act, and Section 10(b) of the Exchange Act and Rules 10b-5(a) and (c) thereunder.  The Commission alleges that defendant Wise aided and abetted violations by the Platform Defendants and various control groups of Sections 5(a), 5(c), 17(a)(1) and (3) of the Securities Act and Section 10(b) of the Exchange Act and Rules 10b-5(a) and (c) thereunder.

The Commission believes that the major factual and legal issues important to resolving this case will focus on the nature and frequency of the communications between and among the Platform Defendants and the control groups, and between Bajic, Taneja, McKnight and Wise relating to the stock promotional payments, to establish the defendants' state of mind when engaging in repeated transactions following similar patterns.

*Taneja's statement*: Mr. Taneja disagrees with the government's version of the facts and maintains his innocence.

### *(2) Subject Matter Jurisdiction and Venue.*

*Commission's statement:* This Court has jurisdiction over this action pursuant to Section 22(a) of the Securities Act [15 U.S.C. §77v(a)] and Sections 21(d), 21(e), and 27 of the Exchange Act [15 U.S.C. §§78u(d), 78u(e), 78aa].  Venue lies in this Court pursuant to Section 22(a) of the Securities Act [15 U.S.C. §77v(a)] and Section 27 of the Exchange Act [15 U.S.C. §78aa].  Certain of the acts, practices, transactions and courses of business alleged in this Complaint occurred within the Southern District of New York, and were effected, directly or indirectly, by making use of means or instrumentalities of transportation or communication in interstate commerce, or the mails.  For example, during the Relevant Period, certain individuals who reside in the Southern District of New York purchased the stock that was sold by the Platform Defendants as part of the scheme described in the complaint.

### *(3) Motions that any party seeks or intends to file, (ii) pending motions and (iii) other applications that are expected to be made at the status conference.*

  a.   Plaintiff's Anticipated Motions to Discuss at Pretrial Conference

The Commission seeks to continue the existing asset freeze order (Dkt. No. 45) until the resolution of this action.  The current asset freeze expires by its terms on April 9, 2020.  *See* Dkt. No. 45, ¶III.  The Commission and defendants Bajic and Taneja have agreed that the existing asset freeze order shall be extended for the duration of this litigation, until final judgment is entered, subject to the parties' right at any time to ask the court to reconsider or modify the asset freeze order.  The Commission has not been able to reach any of the defendant entities to whom the asset freeze order applies, but submits that good cause exists to extend the asset freeze order to them as well.

The Commission may file a motion seeking the Court's assistance in serving defendants Killarney and Blacklight SA in Switzerland.  Additional details about the status of service in Switzerland are provided below in item 7.  Finally, the Commission plans to seek the entry of default, and then will file motions for default judgment against those entity defendants who have

been properly served with the complaint but who have not responded to it within the time allowed by Fed. R. Civ. 12, as described in paragraph 7 below.

**(4) *Brief description of any discovery that has already taken place, and any discovery that is likely to be admissible under the FRE and material to proof of claims and defenses raised in the pleadings.***

Commission's Statement:  During the investigation that preceded the filing of this case, the Commission gathered information primarily through investigative subpoenas and testimony, and requests for information issued through foreign securities regulators.  As part of the discovery to be conducted in this case, the Commission intends to request additional discovery including communications by and between the defendants, their banks and their brokerage firms, and with the control groups who were directing their buying and selling activity.  The Commission also expects to take the defendants' depositions, including 30(b)(6) depositions of the defendant entities.

Taneja's Statement:  Mr. Taneja reserves his right to all discovery under the relevant laws and rules, as at this early stage he is unable to ascertain what his needs may be.

**(5) *A computation of each category of damages claimed, see FRCP 26(a)(1)(A)(iii).***

The remedies sought by the Commission are set forth in the prayer for relief section of the Complaint, Dkt. No. 4.  The Commission seeks permanent injunctions prohibiting all defendants from engaging in, or aiding and abetting, further violations of the sections of the Securities Act and Exchange Act they are alleged to have violated.  The Commission also seeks disgorgement of all of the defendants' ill-gotten gains and unjust enrichment, plus prejudgment interest.  While the precise calculation of disgorgement will depend on information obtained in discovery, the Commission expects to seek at least the following approximate amounts of disgorgement:  (i) from the Blacklight Defendants and Bajic-Taneja Defendants jointly and severally: $35 million as described in paragraphs 4 and 74 of the Complaint; (ii) from the Blacklight Defendants an additional approximately $25 million as described in paragraph 4 of the Complaint; (iii) from the Bajic-Taneja Defendants an additional approximately $7.7 million as described in paragraph 4 of the Complaint; (iv) from defendant Wise approximately $308,980; and (v) from defendant McKnight approximately $322,520.  The Commission further seeks an order requiring each of the defendants to pay civil monetary penalties pursuant to Section 20(d) of the Securities Act [15 U.S.C. §77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].

**(6) *A statement describing the status of any settlement discussions and whether the parties would like a settlement conference.***

The Commission's counsel has had preliminary settlement discussions with counsel for defendants Bajic, Taneja and Wise.  The parties do not believe that a settlement conference would be useful at this time and will continue to have settlement discussions independently.

**(7) *Any other information that the parties believe may assist this Court in resolving the action:***

3

The Commission provides this update on the service of process.  The Commission has served defendants Wise (waiver of service filed as Dkt. No. 67), McKnight (agreement to accept service by email filed as Dkt. No. 68), Taneja (waiver of service filed as Dkt. No. 69), and Bajic (proof of service to be filed on April 2, 2020).

The following entity defendants were all validly served via the Hague Convention on February 10, 2020 and have not answered the Complaint by March 2, 2020, which was the deadline for a responsive pleading under Fed. R. Civ. P. 12:  Norfolk Heights Ltd. (proof of service is Dkt. No. 61), Island Fortune Global Ltd. (proof of service is Dkt. No. 60), Crystalmount Ltd. (proof of service is Dkt. No. 64), Wisdom Chain Ltd. (proof of service is Dkt. No. 62), Sure Mighty Ltd. (proof of service is Dkt. No. 63).  The Commission requests that the Court enter clerks' defaults against these defendants pursuant to Fed. R. Civ. P. 55(a) and intends to seek default judgments against those defendants pursuant to Fed. R. Civ. P. 55(b)(2).  The Commission is still waiting from proofs of service from their Hague Convention service requests for entity defendants SSID Ltd. (sent to Hong Kong on 1/17/2020), Fountain Drive Ltd. (received in Seychelles on 1/27/20), and Tamarind Investments Inc. (received in Anguilla on 1/28/20).

The Commission has made a request for Hague Convention service to the United Kingdom to serve defendant Ciapala, who is currently incarcerated.  That request was originally sent on January 17, 2020, and was updated to include additional information requested by the United Kingdom's Central Authority in February 2020.  The Commission is waiting for a response to this request for service.

The Commission made requests for Hague Convention service to the Canton of Geneva, Switzerland for defendants Killarney and Blacklight SA on January 22, 2020.  Those requests were returned unserved by Geneva's Central Authority on or about March 18, 2020 because the Central Authority has taken the position that the Commission, as a governmental authority, is not a civil litigant entitled to use the Hague Service Convention.  The Commission is exploring whether it has other methods of accomplishing service in Switzerland but in the event that those methods are not available, may seek the court's assistance via letters rogatory to effect service. The Commission understands that Swiss blocking statutes, which carry criminal penalties, prohibit the Commission's counsel from directly serving persons or entities located in Switzerland through other informal mechanisms including mail.

Respectfully submitted,

*Kathleen Shields*

Kathleen Burdette Shields
Counsel for Securities & Exchange Comm'n
Admitted *Pro hac vice*

and

Tor Ekeland
Counsel for Rajesh Taneja