

**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION**
Boston Regional Office
33 Arch St., 24th Floor
Boston, MA 02110
Telecopier:  (617) 573-4590

**DIVISION OF ENFORCEMENT**

Kathleen Shields
Telephone: (617) 573-8904
E-mail: shieldska@sec.gov

April 30, 2020

**BY ECF**
Honorable Lorna G. Schofield
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 1106
New York, NY  10007

      RE:    *Securities and Exchange Commission v. Bajic, et al.*, No. 1:20-cv-00007-LGS

Dear Judge Schofield:

      In accordance with the Court's January 10, 2020 Order (Dkt. No. 40), the plaintiff Securities and Exchange Commission ("Commission") and counsel for defendants Rajesh Taneja ("Taneja"), and Christopher McKnight ("McKnight") hereby submit the following information in advance of the initial pre-trial conference for this matter.   The Commission's counsel has reached out to counsel for Aaron Wise about this submission but has not received a response.  Counsel for defendant Bajic obtained an extension of the pretrial conference as to him so he is not joining in this letter at this time.  *See* Dkt. No. 78.

> ***(1) Nature of the case; principal claims and defenses; major legal and factual issues most important to resolving the case.***

      *Commission's statement*: This is a securities fraud enforcement action.  The principal claims are (1) that defendants Bajic and Taneja, and the entities they controlled (defendants Norfolk Heights Ltd., Fountain Drive Ltd., Island Fortune Global Ltd., Crystalmount Ltd., Wisdom Chain Ltd., SSID Ltd., Sure Mighty Ltd., and Tamarind Investments Inc.), schemed with defendants Ciapala and Killarney, the principals of defendant Blacklight SA (all collectively, the "Platform Defendants"), to enable public company control persons fraudulently to sell stock to retail investors in the public United States securities markets; (2) that defendants McKnight and Wise facilitated the transfer of funds for the public company control persons and fraudulently disguised the sources of funds used to pay for stock promotional services, in furtherance of the scheme.  The Commission alleges that the Platform Defendants thereby violated Sections 5(a), 5(c), and 17(a)(1) and (3) of the Securities Act of 1933 ("Securities Act"), and Sections 10(b), 13(d), and 15(a) of the Securities Exchange Act of 1934 ("Exchange Act") and Rules 10b-5(a) and (c) thereunder; as well as aided and abetted various control groups' violations of  Sections 5(a), 5(c), and 17(a)(1) and (3) of the Securities Act and Section 10(b) of the Exchange Act and Rules 10b-5(a) and (c) thereunder.  The Commission alleges that defendant McKnight violated Section 17(a)(3) of the Securities Act and aided and abetted

violations by the Platform Defendants and various control groups of Sections 5(a), 5(c), 17(a)(1) and (3) of the Securities Act, and Section 10(b) of the Exchange Act and Rules 10b-5(a) and (c) thereunder.  The Commission alleges that defendant Wise aided and abetted violations by the Platform Defendants and various control groups of Sections 5(a), 5(c), 17(a)(1) and (3) of the Securities Act and Section 10(b) of the Exchange Act and Rules 10b-5(a) and (c) thereunder.

The Commission believes that the major factual and legal issues important to resolving this case will focus on the nature and frequency of the communications between and among the Platform Defendants and the control groups, and among Bajic, Taneja, McKnight and Wise relating to the stock promotional payments, to establish the defendants' state of mind when engaging in repeated transactions following similar patterns.

*Taneja's statement*: Mr. Taneja disagrees with the Commission's version of the facts and maintains his innocence.

*McKnight's statement*: Mr. McKnight disputes the allegations made as to him and reserves all rights and defenses.

**(2) Subject Matter Jurisdiction and Venue.**

*Commission's statement:* This Court has jurisdiction over this action pursuant to Section 22(a) of the Securities Act [15 U.S.C. §77v(a)] and Sections 21(d), 21(e), and 27 of the Exchange Act [15 U.S.C. §§78u(d), 78u(e), 78aa].  Venue lies in this Court pursuant to Section 22(a) of the Securities Act [15 U.S.C. §77v(a)] and Section 27 of the Exchange Act [15 U.S.C. §78aa].  Certain of the acts, practices, transactions and courses of business alleged in this Complaint occurred within the Southern District of New York, and were effected, directly or indirectly, by making use of means or instrumentalities of transportation or communication in interstate commerce, or the mails.  For example, certain individuals who reside in the Southern District of New York purchased the stock that was sold by the Platform Defendants as part of the scheme described in the complaint.

**(3) Motions that any party seeks or intends to file, (ii) pending motions and (iii) other applications that are expected to be made at the status conference.**

   a.  Plaintiff's Anticipated Motions to Discuss at Pretrial Conference

The Commission's orders to show cause why default judgments should not be entered as to defendants Crystalmount Ltd., Fountain Drive Ltd., Island Fortune Global Ltd., Norfolk Heights Ltd., Sure Mighty Ltd, and Wisdom Chain Ltd. are scheduled to be heard at the same time as the pretrial conference.  The Commission does not have other motions to discuss at the conference.

**(4) Brief description of any discovery that has already taken place, and any discovery that is likely to be admissible under the FRE and material to proof of claims and defenses raised in the pleadings.**

*Commission's Statement*:  During the investigation that preceded the filing of this case, the Commission gathered information primarily through investigative subpoenas and

testimony, and requests for information issued through foreign securities regulators. As part of the discovery to be conducted in this case, the Commission intends to request additional discovery including communications by and between the defendants, their banks and their brokerage firms, and with the control groups who were directing their buying and selling activity. The Commission also expects to take the defendants' depositions, including 30(b)(6) depositions of the defendant entities.

*Taneja's Statement*: Mr. Taneja reserves his right to all discovery under the relevant laws and rules, as at this early stage he is unable to ascertain what his needs may be.

### *(5) A computation of each category of damages claimed, see FRCP 26(a)(1)(A)(iii).*

The remedies sought by the Commission are set forth in the prayer for relief section of the Complaint, Dkt. No. 4. The Commission seeks permanent injunctions prohibiting all defendants from engaging in, or aiding and abetting, further violations of the sections of the Securities Act and Exchange Act they are alleged to have violated. The Commission also seeks disgorgement of all of the defendants' ill-gotten gains and unjust enrichment, plus prejudgment interest. While the precise calculation of disgorgement will depend on information obtained in discovery, the Commission expects to seek at least the following approximate amounts of disgorgement: (i) from the Blacklight Defendants and Bajic-Taneja Defendants jointly and severally: $35 million as described in paragraphs 4 and 74 of the Complaint; (ii) from the Blacklight Defendants an additional approximately $25 million as described in paragraph 4 of the Complaint; (iii) from the Bajic-Taneja Defendants an additional approximately $7.7 million as described in paragraph 4 of the Complaint; (iv) from defendant Wise approximately $308,980; and (v) from defendant McKnight approximately $322,520. The Commission further seeks an order requiring each of the defendants to pay civil monetary penalties pursuant to Section 20(d) of the Securities Act [15 U.S.C. §77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].

### *(6) A statement describing the status of any settlement discussions and whether the parties would like a settlement conference.*

The Commission's counsel has had preliminary settlement discussions with counsel for defendants Bajic, Taneja, McKnight and Wise. The parties do not believe that a settlement conference would be useful at this time and will continue to have settlement discussions independently.

### *(7) Any other information that the parties believe may assist this Court in resolving the action:*

The Commission provides this update on the service of process. The Commission is still waiting from proofs of service from their Hague Convention service requests for entity defendants SSID Ltd. (sent to Hong Kong on 1/17/2020), and Tamarind Investments Inc. (received in Anguilla on 1/28/20). The Commission's Office of International Affairs has reached out to the Central Authority in these countries to inquire as to status.

The Commission has made a request for Hague Convention service to the United Kingdom to serve defendant Ciapala, who is currently incarcerated. That request was originally

sent on January 17, 2020, and was updated to include additional information requested by the United Kingdom's Central Authority in February 2020. The Commission is waiting for a response to this request for service.

The Commission made requests for Hague Convention service to the Canton of Geneva, Switzerland for defendants Killarney and Blacklight SA on January 22, 2020. Those requests were returned unserved by Geneva's Central Authority on or about March 18, 2020 because the Central Authority has taken the position that the Commission, as a governmental authority, is not a civil litigant entitled to use the Hague Service Convention. The Commission is now working to request the assistance of Swiss authorities in serving process under the appropriate instrument, the 1973 US-Swiss Mutual Legal Assistance Treaty (MLAT). The SEC's treaty request is currently pending approval with the U.S. Central Authority. The Commission is seeking the requested service on an expedited basis.

Respectfully submitted,

/s/ Kathleen Burdette Shields
Kathleen Burdette Shields
Counsel for Securities & Exchange Comm'n

/s/ Tor Ekeland
Tor Ekeland
Counsel for Rajesh Taneja

/s/ Robert Giacovas
Robert A. Giacovas
Anna Pia D. Felix
Counsel for Christopher McKnight