UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** **Plaintiff,** **v.** **STEVE M. BAJIC, RAJESH TANEJA, NORFOLK HEIGHTS LTD., FOUNTAIN DRIVE LTD., ISLAND FORTUNE GLOBAL LTD., CRYSTALMOUNT LTD., WISDOM CHAIN LTD., SSID LTD., SURE MIGHTY LTD., TAMARIND INVESTMENTS INC., KENNETH CIAPALA, ANTHONY KILLARNEY, BLACKLIGHT SA, CHRISTOPHER LEE MCKNIGHT, and AARON DALE WISE,** **Defendants.** | **Civil Action No. 20-CV-0007-LGS** SO ORDERED Dated: May 26, 2020 New York, New York **LORNA G. SCHOFIELD** **UNITED STATES DISTRICT JUDGE** |

**STIPULATION AND ORDER FREEZING ASSETS**
**AS TO DEFENDANT RAJESH TANEJA**

Plaintiff Securities and Exchange Commission ("the Commission") and defendant Rajesh

Taneja ("Taneja") hereby agree and stipulate as follows:

1.      On January 6, 2020, the Commission filed a motion for an order freezing and

repatriating assets (Dkt. No. 5) belonging to, or under the control of, defendants Steve M. Bajic,

Rajesh Taneja, Norfolk Heights Ltd., Fountain Drive Ltd., Island Fortune Global Ltd.,

Crystalmount Ltd., Wisdom Chain Ltd., SSID Ltd., Sure Mighty Ltd., and Tamarind Investments

Inc. (collectively the "Bajic-Taneja Defendants").

1

2.      On January 9, 2020, the Court issued an Order Freezing and Repatriating Assets (Dkt. No. 37, the "Original Asset Freeze Order").

3.      On January 15, 2020, on the Commission's motion, the Court issued a Revised Order Freezing and Repatriating Assets (Dkt. No. 45, the "Revised Asset Freeze Order").

4.      On January 30, 2020, the Court issued a Stipulation and Order Freezing Assets as to Defendant Steve M. Bajic.  (Dkt. No. 54).

5.      On April 9, 2020, the Court issued an order extending the term of the Revised Asset Freeze Order as to defendants Taneja, Norfolk Heights Ltd., Fountain Drive Ltd., Island Fortune Global Ltd., Crystalmount Ltd., Wisdom Chain Ltd., SSID Ltd., Sure Mighty Ltd., and Tamarind Investments Inc. for the duration of the case.

6.      This Stipulation and Order seeks to resolve Taneja's claim for a carve-out from the Revised Asset Freeze Order to pay for his living expenses and attorney's fees.  When entering into this Stipulation and Order, the Commission has relied on a sworn statement from Taneja of his assets, income, and liabilities, including a description of the nature of Taneja's employment, which he provided under the penalty of perjury.  If at any time following the entry of this Stipulation and Order, the Commission obtains information indicating that Taneja's representations to the Commission concerning his assets, income, liabilities or ongoing employment, were fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made, the Commission may, at its sole discretion, petition the Court to vacate this Stipulation and Order and reimpose the Revised Asset Freeze on Defendant Taneja.

7.      The parties hereby stipulate, and the Court orders, as follows:

**I.**

**IT IS HEREBY STIPULATED, AGREED AND ORDERED** that in entering into this stipulation Taneja is not waiving his objections with respect to venue and personal jurisdiction of this Court.

**II.**

**IT IS HEREBY STIPULATED, AGREED AND ORDERED** that the Original Asset Freeze Order and the Revised Asset Freeze Order are vacated as to Taneja but not as to any of the other parties listed in those Orders.  The Revised Asset Freeze Order remains in full force and effect as to all of the Bajic-Taneja Defendants other than Bajic and Taneja.

**III**.

**IT IS HEREBY STIPULATED, AGREED AND ORDERED** that:

A.      Except as permitted in paragraph III.D., Defendant Taneja, and each of his agents, servants, employees and attorneys and those persons in active concert or participation with him who receive actual notice of this Stipulation and Order by personal service or otherwise, including facsimile transmission, electronic mail, or overnight delivery service, shall hold and retain the funds held by Taneja, or for his direct or indirect benefit, or under his direct or indirect control in the following accounts, and shall prevent any withdrawal, sale, payment (including, but not limited to, any charges on any credit card or draws on any other credit arrangement), transfer, dissipation, assignment, pledge, alienation, encumbrance, disposal, or diminution in value of any such funds or other assets, which are hereby frozen:

| Institution | Location | Account Name(s) | Acct No(s) |
|---|---|---|---|
| DBS | Singapore | Rajesh Taneja | xxxxxxx0616 |

| Institution | Location | Account Name(s) | Acct No(s) |
|---|---|---|---|
| DBS | Singapore | Rajesh Taneja | xxxxxx4865 |
| DBS | Singapore | Rajesh Taneja | xxxxxx0709 |
| DBS | Singapore | Rajesh Taneja | xxxxxxxxxx2442 xxxxxxxxxxx1669 |
| DBS | Hong Kong | Rajesh Taneja | xxxxxxxxxx4366 xxxxxxxxxx5393 |
| Barclays | Switzerland | Rajesh Taneja | xxxx6404 |
| Bank of Montreal | Canada | Rajesh Taneja | xxxxxx0100 |
| Overseas Chinese Banking Corp. | Singapore | Rajesh Taneja | xxxxxxxx3001 |
| TD Bank | United States | Rajesh Taneja | xxxxxx1802 |

B.      Except as permitted in paragraph III.D., all banks, brokerage, and other financial institutions listed in Paragraph III.A that receive actual notice of this Order by personal service or otherwise, including via facsimile or email transmission, or overnight delivery service, holding the accounts listed in Paragraph III.A shall hold and retain within their control and prohibit the withdrawal, removal, sale, payment (including, but not limited to, any charges on any credit card or draws on any other credit arrangement), transfer, dissipation, assignment, pledge, alienation, encumbrance, diminution in value, or other disposal of any such funds or other assets; and such funds and assets are hereby frozen.

C.      The above Paragraphs III.A and III.B shall immediately cease to apply to any assets located within the United States, including any bank, brokerage or other financial institution account, which becomes subject to any later order entered by any federal court as a result of proceedings which may be filed by the United States or any department or agency

4

thereof under any federal civil or criminal forfeiture statute, to the extent such later order requires the transfer of any assets to the United States government.

        D.      Paragraphs III.A. and III.B. of this Stipulation and Order are modified as follows:

        1.      Taneja may withdraw $15,000 for attorney's fees from the account at DBS in Singapore, with the account number ending in 4865. This money shall be paid to the IOLTA account of his counsel, Tor Ekeland. Mr. Ekeland may bill against that sum at his typical hourly rate for legal services provided from the beginning of this case through July 15, 2020.

        2.      Taneja may spend $6,000 per month for food and basic living expenses for a period of three months (or until July 15, 2020).  $2,000 of this monthly permitted expense will come from current and future income from Taneja's ongoing hosting business that was disclosed by Taneja to the Commission. $4,000 of this monthly permitted expense may be made only from the DBS bank accounts with account numbers ending in 4865 and 0616.

        3.      DBS Bank is authorized to release the $4,000 in monthly living expenses described in paragraph III.D.2. of this Stipulation and Order on May 1, 2020, June 1, 2020 and July 1, 2020.

        4.      The Commission and Taneja will confer after three months about the necessity of future carve-outs.  On or before the close of business on July 1, 2020, the parties will submit either a new proposed Order regarding a living expense allowance for Taneja or, if they are unable to agree, will file a joint letter, not to exceed 5 pages, in which each explains their position as to whether there should be future carve-outs from the asset freeze.

## IV.

      **IT IS HEREBY STIPULATED, AGREED AND ORDERED** that this Order is entered without prejudice to any party's right to seek modification or relief from any part of this Order

from the Court.  Unless otherwise ordered by the Court, this Order shall remain in effect until entry of a Final Judgment as to Defendant Taneja or other final disposition of this action as to him.

Dated: May 22, 2020            Respectfully submitted,

           /s/ Kathleen Burdette Shields
           Kathleen Burdette Shields (admitted pro hac vice)
           Rebecca Israel
           Eric Forni
           Securities and Exchange Commission
           33 Arch St., 24th Floor
           Boston, MA  02110
           (617) 573-8904 (Shields)
           (617) 573-8827 (Israel)
           shieldska@sec.gov; israelr@sec.gov

           Counsel for Securities and Exchange Commission

           /s/  Tor Ekeland
           Tor Ekeland
           Tor Ekeland Law, PLLC
           195 Montague St., 14th Floor
           Brooklyn, NY  11201
           (718) 737-7264
           tor@torekeland.com

           Counsel for Rajesh Taneja

**SO ORDERED:**

           _____
           UNITED STATES DISTRICT JUDGE

Dated:  _____, 2020