

**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION**
Boston Regional Office
33 Arch St., 24th Floor
Boston, MA 02110
Telecopier: (617) 573-4590

**DIVISION OF ENFORCEMENT**

Kathleen Shields
Telephone: (617) 573-8904
E-mail: shieldska@sec.gov

June 26, 2020

**BY ECF**
Honorable Lorna G. Schofield
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 1106
New York, NY  10007

  RE: *Securities and Exchange Commission v. Bajic, et al.*, No. 1:20-cv-00007-LGS

Dear Judge Schofield:

  I am counsel for the Securities and Exchange Commission ("Commission") in the above-referenced case.  Pursuant to the Court's order on June 1, 2020 (Dkt. No. 123), I am writing to provide an update on the Commission's efforts to serve the 5 defendants as to whom proofs of service have not yet been filed: Kenneth Ciapala, Anthony Killarney, Blacklight SA, SSID Ltd., and Tamarind Investments, Inc.

  **Ciapala**
  The Commission made a request for Hague Convention service to the United Kingdom to serve defendant Ciapala, who is currently incarcerated in a United Kingdom jail.  The Commission's first request for service was originally sent on January 17, 2020, and was updated with a second request in mid-February 2020 to include additional information requested by the United Kingdom's Central Authority.  On June 4, I was notified that the service request was in the hands of the local court bailiff, but that service by bailiffs had been temporarily suspended in March because of the Covid-19 virus.  Within the last week, I learned that there was a court proceeding in the United Kingdom at which Ciapala was ordered extradited subject to review and final action by the United States Secretary of State, in connection with a related criminal case, *United States v. Ciapala*, No. 19-cr-874-GBD (S.D.N.Y.).  Ciapala's extradition documents are currently pending with the United Kingdom Secretary of State for the Home Office for final action and he may be transferred to the United States within the next month or two.  Once Ciapala is located in the United States, the Commission intends to serve him via a process server if he will not accept service voluntarily.

  **SSID Ltd.**
  The Commission sent a Hague Convention service request for SSID Ltd. to Hong Kong on January 17, 2020.  The Commission sought status updates on the request from the Hong Kong Central Authority.  On or about May 27, 2020, the Commission received a letter dated May 13, 2020 from the Government of the Hong Kong Special Administrative Region stating that the

Commission's service request could not be accepted because I had listed the government from whom I was requesting assistance as "Hong Kong." The letter suggested that I could amend the request to seek the assistance of "Hong Kong SAR, China." The Commission revised its request for service to name the proper authority as suggested and sent it to Hong Kong by overnight international mail on or about June 10.

**Tamarind Investments**

The Commission sent a Hague Convention service request for Tamarind Investments Inc., and received confirmation that it was received by the Central Authority in Anguilla on January 28, 2020. The Commission's staff sought status updates on the request from the Anguillan Central Authority and received an email dated June 4 from the office of the Anguillan Attorney General reporting that the process server was planning to attempt service within days. I received an email from the office of the Anguillan Attorney General dated June 25 confirming that service has been made and that I will receive the proof of service next week. I will file that proof of service as soon as I receive it.

**Anthony Killarney and Blacklight SA**

Since the last update on service, the Swiss police attempted to serve Mr. Killarney and Blacklight pursuant to the Commission's request under the 1973 U.S.-Swiss Mutual Legal Assistance Treaty (MLAT). Both original and translated copies of the Swiss police's reports describing their service attempts are attached as Exhibit A.

The police's attempts to make service on Mr. Killarney were unsuccessful and a woman answering the door at his residence reported that he was in England. The Commission is considering what alternative methods it may have to serve Mr. Killarney. The Commission may seek the Court's authorization to serve Mr. Killarney by publication because other methods of service have been unsuccessful and I do not have a currently-operational email address for him that I could use to serve him by email.

The police's attempts to serve an employee at Blacklight were unsuccessful. According to the police report, the office of Blacklight was opened by the prosecutor's office on March 11, 2020 and seals were placed on the doors, which are still intact. The police also attempted to serve Blacklight by serving Mr. Killarney as its director. As described above, that service attempt was not successful. The police then contacted Blacklight's attorney, who said that he was Blacklight's attorney but did not have power of attorney to collect the service documents. The Commission, through the U.S. Central Authority, is currently exploring with the Swiss authorities whether service on Blacklight can be properly effected under Swiss law by mailing the documents to the company at its business address or through some other method.

The Commission will continue to reach out to the Central Authorities of Hong Kong and Switzerland and will promptly file any proofs of service it receives. I will file an update on the status of service on July 31, 2020, if all proofs of service have not been submitted before then.

Respectfully submitted,

*Kathleen Shields*

Kathleen Burdette Shields