UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>                   Plaintiff,<br>   v.<br><br>STEVE M. BAJIC,<br>RAJESH TANEJA,<br>NORFOLK HEIGHTS LTD.,<br>FOUNTAIN DRIVE LTD.,<br>ISLAND FORTUNE GLOBAL LTD.,<br>CRYSTALMOUNT LTD.,<br>WISDOM CHAIN LTD.,<br>SSID LTD.,<br>SURE MIGHTY LTD.,<br>TAMARIND INVESTMENTS INC.,<br>KENNETH CIAPALA,<br>ANTHONY KILLARNEY,<br>BLACKLIGHT SA,<br>CHRISTOPHER LEE MCKNIGHT, and<br>AARON DALE WISE,<br><br>                   Defendants. | Civil Action No. 20-CV-0007-LGS |

## SECOND STIPULATION AND ORDER FREEZING ASSETS
## AS TO DEFENDANT STEVE M. BAJIC

Plaintiff Securities and Exchange Commission ("the Commission") and defendant Steve M. Bajic ("Bajic"), hereby agree and stipulate as follows:

1. On January 6, 2020, the Commission filed a motion for an order freezing and repatriating assets (Dkt. No. 5) belonging to, or under the control of, defendants Steve M. Bajic, Rajesh Taneja, Norfolk Heights Ltd., Fountain Drive Ltd., Island Fortune Global Ltd., Crystalmount Ltd., Wisdom Chain Ltd., SSID Ltd., Sure Mighty Ltd., and Tamarind Investments Inc. (collectively the "Bajic-Taneja Defendants").

2. On January 9, 2020, the Court issued an Order Freezing and Repatriating Assets (Dkt. No. 37, the "Original Asset Freeze Order").

1

3. On January 15, 2020, on the Commission's motion, the Court issued a Revised Order Freezing and Repatriating Assets (Dkt. No. 45, the "Revised Asset Freeze Order").

4. On January 15, 2020, Bajic filed a letter that was treated by the Court as a motion to vacate or amend the Revised Asset Freeze Order. Dkt. No. 44.

5. The Court ordered the parties to attempt to reach a compromise that would address Bajic's objections and his request to use certain assets to pay reasonable attorneys' fees and living expenses. Dkt. No. 46.

6. On January 29, 2020, the parties proposed, and on January 30, 2020, the court entered, a Stipulation and Order (Dkt. No. 54) that would permit Bajic to use certain assets for living expenses and attorney's fees.

7. When entering into that Stipulation and Order (Dkt. No. 54), the Commission relied on a sworn statement from Bajic of his assets, income, and liabilities, including a description of the nature of Bajic's employment, which he provided under the penalty of perjury. If at any time following the entry of this Stipulation and Order, the Commission obtains information indicating that Bajic's representations to the Commission concerning his assets, income, liabilities or ongoing employment, were fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made, the Commission may, at its sole discretion, petition the Court to vacate this Stipulation and Order and reimpose the Revised Asset Freeze on Defendant Bajic.

8. The parties have now agreed to allow Defendant Bajic to use additional funds that were frozen in the Stipulation and Order (Dkt. No. 54) for attorney's fees as described in paragraph V. below.

9. The parties hereby stipulate, and the Court orders, as follows:

**I.**

**IT IS HEREBY STIPULATED, AGREED AND ORDERED** that in entering into this stipulation Bajic is not waiving his objections with respect to venue and personal jurisdiction.

**II.**

**IT IS HEREBY STIPULATED, AGREED AND ORDERED** that the Original Asset Freeze Order and the Revised Asset Freeze Order were vacated as to defendants Bajic and Taneja but not as to any of the other parties listed in those Orders. The Revised Asset Freeze Order remains in full force and effect as to all of the Bajic-Taneja Defendants other than Bajic and Taneja themselves.

**III**.

**IT IS HEREBY STIPULATED, AGREED AND ORDERED** that:

A. Defendant Bajic, and each of his, agents, servants, employees and attorneys and those persons in active concert or participation with him who receive actual notice of this Stipulation and Order by personal service or otherwise, including facsimile transmission, electronic mail, or overnight delivery service, shall hold and retain the funds held by Bajic, or for his direct or indirect benefit, or under his direct or indirect control in the following accounts, and shall prevent any withdrawal, sale, payment (including, but not limited to, any charges on any credit card or draws on any other credit arrangement), transfer, dissipation, assignment, pledge, alienation, encumbrance, disposal, or diminution in value of any such funds or other assets, which are hereby frozen:

| Institution | Account Name(s) | Acct No(s) |
|---|---|---|
| Haywood Capital Markets | RRSP | ****123-C |
| Haywood Capital Markets | Tax free savings account | ****123-C |
| PI Financial Corp. | Cash account (CDN Funds) | ****840-2 |

B. All banks, brokerage, and other financial institutions listed in Paragraph III.A that receive actual notice of this Order by personal service or otherwise, including via facsimile or email transmission, or overnight delivery service, holding the accounts listed in Paragraph III.A shall hold and retain within their control and prohibit the withdrawal, removal, sale, payment (including, but not limited to, any charges on any credit card or draws on any other credit arrangement), transfer, dissipation, assignment, pledge, alienation, encumbrance, diminution in value, or other disposal of any such funds or other assets; and such funds and assets are hereby frozen.

C. The above Paragraphs III.A and III.B shall immediately cease to apply to any assets located within the United States, including any bank, brokerage or other financial institution account, which becomes subject to any later order entered by any federal court as a result of proceedings which may be filed by the United States or any department or agency thereof under any federal civil or criminal forfeiture statute, to the extent such later order requires the transfer of any assets to the United States government.

## IV.

**IT IS HEREBY STIPULATED, AGREED AND ORDERED** that:

A. The following accounts held by Defendant Bajic are not subject to this Stipulation and Order, are not frozen, and may be used by Bajic:

| Institution | Account Name(s) | Acct No(s) |
|---|---|---|
| TD Canada Trust | TD All-Inclusive Banking Plan | *******614 |
| | Borderless Plan | *******836 |
| | TD Every Day Savings Account | *******308 |
| Vancity Savings | Jumpstart High Interest Savings Account | *******327 |
| HSBC Bank Canada | High Rate Savings Account | *******203 |
| Raiffeisen Bank | Savings Account | *******334 |
| DBS Bank Ltd. | Savings Plus Account | *******143 |

| Institution | Account Name(s) | Acct No(s) |
|---|---|---|
| Haywood Capital Markets | Canadian Dollar Margin | ****123-C |
| | US Dollar Margin | ****123-U |
| | Canadian Dollar Cash | ****240-C |
| TD Canada Trust | TD Every Day A Business Plan (CAD) | ****103 |
| | TD Every Day A Business Plan (USD) | ****365 |
| Haywood | CAD Cash Account | ****210-C |
| | CAD Margin Account | ****120-C |
| | USD Cash Account | ****120-U |
| | CAD Cash Account | ****512-C |
| | USD Cash Account | ****512-U |
| TD Canada Trust | TD Basic Business Plan | ****030 |
| Haywood | CAD Cash Account | ****837-C |
| | USD Cash Account | ****837-U |
| | CAD Margin Account | ****837-C |
| | USD Margin Account | ****837-U |
| Canaccord Genuity Corp. | Cash account (CAD) | ****09A-1 |

**V.**

A. Paragraphs III.A, III.B, and IV.A of this Stipulation and Order as modified as follows:

    1. The following amounts may be transferred into the escrow account of Defendant Bajic's counsel for the purpose of attorney's fees. To the extent that the transferred funds exceed those costs, the balance of the transferred funds shall remain in Bajic's counsel's escrow account and their disposition will be directed as part of the resolution of the case.

        a. CAD $5,554.19 from the tax-free savings account at Haywood Capital Markets, with the account number ending in 123-C; and

        b. CAD $9,400.00 from the account at Canaccord Genuity Corp., with the account number ending in 09A-1.

## VI.

**IT IS HEREBY STIPULATED, AGREED AND ORDERED** that this Order is entered without prejudice to any party's right to seek modification or relief from any part of this Order from the Court. Unless otherwise ordered by the Court, this Order shall remain in effect until entry of a Final Judgment as to Defendant Bajic or other final disposition of this action as to him.

Respectfully submitted,

/s/ Kathleen Burdette Shields
Kathleen Burdette Shields (admitted pro hac vice)
Rebecca Israel (admitted pro hac vice)
Securities and Exchange Commission
33 Arch St., 24th Floor
Boston, MA 02110
(617) 573-8904 (Shields)
(617) 573-8827 (Israel)
shieldska@sec.gov; israelr@sec.gov

Counsel for Securities and Exchange Commission

/s/
Steve M. Bajic

SO ORDERED

Dated: June 29, 2020
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**