## quinn emanuel  trial lawyers | washington, dc

1300 I Street NW, Suite 900, Washington, District of Columbia 20005-3314 | TEL (202) 538-8000 FAX (202) 538-8100

WRITER'S DIRECT DIAL NO.
**(202) 538-8141**

WRITER'S EMAIL ADDRESS
**michaelliftik@quinnemanuel.com**

October 12, 2020

The Honorable Lorna G. Schofield
Thurgood Marshall United States Courthouse
40 Foley Square, Room 1106
New York, NY 10007

Re:   *SEC v. Bajic. et al.*, 20-cv-00007-LGS-KHP

Dear Judge Schofield:

Pursuant to Rules III(A) & (C)(2) of Your Honor's Individual Rules and Procedures for Civil Cases ("Individual Rules"), Defendant Anthony Killarney respectfully submits this pre-motion letter seeking permission to file a partial motion to dismiss Counts I, II, III, and IV of the Complaint against him, pursuant to Fed. R. Civ. P. 9(b) and 12(b)(6).

**A.     Background**

The SEC, as Plaintiff, alleges that certain individuals, or a group of individuals and entities to which the SEC refers collectively as the "Platform Defendants," engaged in a scheme to "pump and dump" the stock of certain companies. *See* Compl. ¶¶ 2, 8. The alleged scheme supposedly involved manipulating the market price of the securities at issue, *id.* ¶ 7, as well as concealing the sources of funds allegedly paid to stock promoters to artificially inflate the price of the securities at issue. *See id.* ¶ 8. As an example, the SEC claims that an otherwise unidentified "Control Group A" controlled Blake Insomnia Therapeutics ("Blake"), and that the Platform Defendants coordinated with Control Group A to purchase most of Blake's stock, *see id.* ¶ 48, and then to conduct manipulative transactions of Blake stock to inflate its price, *see id.* ¶¶ 66-69.

Missing from the SEC's Complaint are any allegations, beyond boilerplate recitals of the elements of the causes of action, that Mr. Killarney himself committed any acts prohibited by the statutes identified in Counts I, II, or III; that Mr. Killarney himself acted with scienter in supposedly taking part in any of the acts alleged in Counts I, II, III, or IV; or that Mr. Killarney committed any specific acts to aid and abet the misconduct alleged in Counts I, II, or III. Indeed,

quinn emanuel urquhart & sullivan, llp

LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE | BOSTON | SALT LAKE CITY
LONDON | TOKYO | MANNHEIM | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS | ZURICH | SHANGHAI | PERTH | STUTTGART

Plaintiff refers to Mr. Killarney by name in just eight of the Complaint's 114 paragraphs. Such allegations are insufficient under any pleading standard, much less the requirements of Rule 9(b).

The SEC asserts several causes of action. As relevant to Mr. Killarney's proposed motion, they include (i) fraud under Section 17(a)(1) and (3) of the Securities Act of 1933 ("1933 Act") (**Count I**); (ii) fraud under Section 10(b) of the Securities Exchange Act of 1934 ("1934 Act") and Rules 10b-5(a) and (c) thereunder (**Count II**); (iii) sale of unregistered securities in violation of Sections 5(a) and 5(c) of the 1933 Act (**Count III**); and (iv) aiding and abetting the foregoing (**Count IV**).

**B.      Plaintiff Fails to Plead Counts I-IV as Against Mr. Killarney**

***Plaintiff Fails to Plead Market Manipulation with Particularity***. To plead the market manipulation claims Plaintiff asserts in Counts I and II, it must "demonstrate that the defendant engaged in manipulative acts with scienter," *SEC v. Lek Sec. Corp.*, 276 F. Supp. 3d 49, 59 (S.D.N.Y. 2017), including by "plead[ing] with particularity the nature, purpose, and effect of the fraudulent conduct ***and the roles of the defendants***." *ATSI Comm., Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 101-102 (2d Cir. 2007) (emphasis added). The SEC fails, however, to offer facts describing what role, if any, Mr. Killarney is supposed to have played in the alleged scheme, much less with the required particularity under Rule 9(b). Rather, to the extent the Complaint ascribes to specific individuals specific acts that allegedly furthered the scheme, it does so primarily for Mr. Killarney's co-defendants. *See, e.g.*, Compl. ¶¶ 46, 56, 59 (alleging *other* specific individuals took alleged actions to advance the supposed scheme). Where the Complaint does mention Mr. Killarney, *see* Compl. ¶¶ 52 and 75, there are slivers of activity that on their face do not violate the securities laws. Instead, the Complaint otherwise attributes alleged improper acts generally to the Platform Defendants, which term is nothing more than the SEC's shorthand for a baker's dozen of individual and entity defendants in which Plaintiff has included Mr. Killarney. This pleading device likewise fails to attribute any acts to Mr. Killarney, and falls far short of satisfying even general notice pleading, much less the heightened particularity required by Rule 9(b).[1]

***Plaintiff Fails to Plead Scienter***. Plaintiff's very limited factual allegations against Mr. Killarney also fall well short of pleading that he acted—to the extent he is alleged to have acted at all—with the scienter necessary to plead claims under Counts I, II, III, and IV. It is well-settled that "threadbare recitals of a cause of action's elements, supported by mere conclusory statements" are insufficient even absent heightened pleading requirements. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *see also Papasan v. Allain*, 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). But Plaintiff's

---

[1] Plaintiff cannot compensate for its pleading failure through "group pleading," which can—at most—attribute corporate misstatements to certain "corporate insiders." *See In re Banco Bradesco S.A. Sec. Litig.*, 277 F. Supp. 3d 600, 640 (S.D.N.Y. 2017). There is, however, a strong likelihood that "group pleading" did not survive *Janus Capital Group v. First Derivative Traders*, 564 U.S. 135, 142 (2011). *See, e.g.*, *In re UBS AG Sec. Litig.*, 2012 WL 4471265, at *10 (S.D.N.Y. Sept. 28, 2012) ("a theory of liability premised on treating corporate insiders as a group cannot survive a plain reading of the *Janus* decision"). Regardless, this limited, and potentially defunct, doctrine has no application where, as here, Plaintiff alleges no misstatements.

assertions of scienter specifically as to Mr. Killarney are nothing more than recitations of the formulaic phrase "knew, or were reckless in not knowing." *See, e.g.*, Compl. ¶¶ 53, 54, 67. Absent are *facts* concerning Mr. Killarney's knowledge, intent, or state of mind. Plaintiff's single allegation that Mr. Killarney received commissions from a co-defendant falls far short of pleading the knowledge or intent necessary to infer that Mr. Killarney had any role in a complicated market manipulation scheme, much less that he had the intent to advance such a scheme.

***Plaintiff Fails to Plead a Claim for Aiding and Abetting***. For similar reasons, Plaintiff fails to plead a claim that Mr. Killarney aided and abetted the acts alleged in Counts I-III. To plead that Mr. Killarney is liable for aiding and abetting, Plaintiff must allege that "some other party has committed a securities law violation," that Mr. Killarney "had general awareness that his role was part of an overall activity that is improper," or that Mr. Killarney "knowingly and substantially assisted the violation." *Armstrong v. McAlpin*, 1978 WL 1058, at *4 (S.D.N.Y. Jan. 26, 1978). As with scienter, Plaintiff offers little more than recitations of the elements of the cause of action, which are insufficient under any pleading standard. *See, e.g.*, Compl. ¶ 89 ("knowingly or recklessly provided substantial assistance to control persons"); ¶ 90 ("aided and abetted"). Notably, the *only* paragraph in the *entire* Complaint in which "Control Group A" and Killarney even appear together is the same paragraph discussed above in which Plaintiff merely alleges that Mr. Killarney received commissions from certain co-defendants, *see* Compl. ¶ 53. This allegation forms no basis on which to infer that Mr. Killarney had any awareness that Control Group A committed any violations, or that it even *existed*, and comes nowhere near pleading that Mr. Killarney "knowingly and substantially" assisted in any alleged violations.

### C. Proposed Briefing Schedule

Pursuant to Paragraph Rules III(C)(2) of the Court's Individual Practices, we respectfully propose the following briefing schedule: Mr. Killarney will file his motion to dismiss no later than October 19, 2020; Plaintiff shall file any opposition by November 18, 2020; and Mr. Killarney will reply no later than December 2, 2020.

Please do not hesitate to contact the undersigned if you have any questions or concerns.

Respectfully submitted,

Michael E. Liftik

cc: Kathleen Shields, Securities and Exchange Commission
Counsel of Record (via ECF)