UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>　　　　　　　　Plaintiff,<br>　　v.<br><br>STEVE M. BAJIC,<br>RAJESH TANEJA,<br>NORFOLK HEIGHTS LTD.,<br>FOUNTAIN DRIVE LTD.,<br>ISLAND FORTUNE GLOBAL LTD.,<br>CRYSTALMOUNT LTD.,<br>WISDOM CHAIN LTD.,<br>SSID LTD.,<br>SURE MIGHTY LTD.,<br>TAMARIND INVESTMENTS INC.,<br>KENNETH CIAPALA,<br>ANTHONY KILLARNEY,<br>BLACKLIGHT SA,<br>CHRISTOPHER LEE MCKNIGHT,<br>and<br>AARON DALE WISE,<br><br>　　　　　　　　Defendants. | Civil Action No. 20-cv-00007-LGS |

Amended **ORDER TO SHOW CAUSE WHY DEFAULT JUDGMENTS SHOULD NOT BE ENTERED AGAINST
<u>DEFENDANTS SSID LTD. AND BLACKLIGHT SA</u>**

　　　　　WHEREAS, on January 2, 2020, Plaintiff Securities and Exchange Commission ("Commission") commenced this action by filing a Complaint and other papers with respect to Defendants SSID LTD. ("SSID") and Blacklight SA ("Blacklight");

　　　　　WHEREAS Defendant SSID was served with the Complaint and Summons via email to Rajesh Taneja in his capacity as the Owner, Director and Officer of SSID on August 12, 2020 (Dkt. No. 151) and Defendant Blacklight was served with the Complaint

and Summons via registered mail to its attorney of record on July 10, 2020 and that service was effective under Swiss law on July 17, 2020 (Dkt. No 150);

WHEREAS the time allotted by Federal Rule of Civil Procedure 12(a) for Defendants SSID and Blacklight to file an answer or otherwise respond to the Complaint has expired and Defendants SSID and Blacklight have not answered or otherwise responded;

WHEREAS the Clerk of the Court has issued Certificates of Default as to Defendant SSID (Dkt. No. 163) and Defendant Blacklight (Dkt. No. 176);

NOW, THEREFORE:

I.

It is hereby ordered that Defendants SSID and Blacklight shall appear before this Court at __10:30 A.M.__ on ~~October 22,~~ 11/5/2020 2020 via telephone by dialing __(888) 363-4749__, and using the Access Code __558-3333__, to show cause why the Court should not enter default judgments: (1) permanently enjoining Defendants SSID and Blacklight from future violations, or aiding and abetting violations, of Sections 5(a), 5(c), and 17(a)(1) and (3) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§77e(a), (c), and 77q], and Section 10(b), 13(d) and 15(a) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§78j(b), 78m(d)(a), 78(o)(a)(1)], and Rules 10b-5(a) and (c) thereunder [17 C.F.R. §240.10b-5]; (2) ordering Defendant SSID to pay disgorgement and prejudgment interest of $1,756,825.07; (3) ordering Defendant Blacklight to pay disgorgement and prejudgment interest of $4,772,485.43; (4) ordering Defendants SSID and Blacklight to pay the maximum civil penalty available; and (5) ordering that Defendants SSID and Blacklight be barred from participating in any

2

offering of a penny stock, pursuant to Section 20(g) of the Securities Act [15 U.S.C. §77t(g)] and/or 21(d) of the Exchange Act [15 U.S.C. §78u(d)].

II.

IT IS FURTHER ORDERED that a copy of this Order and the papers supporting the Commission's application shall be served upon Defendants SSID and Blacklight on or before ~~October 15~~ 10/29/20, 2020.

SO ORDERED:

Dated: ~~October 2~~ October 22, 2020
New York, NY

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**