UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                           :
UNITED STATES SECURITIES AND       :
EXCHANGE COMMISSION,                 :
                            Plaintiff,      :         20 Civ. 7 (LGS)
                                           :
          -against-                     :         <u>ORDER</u>
                                           :
STEVE M. BAJIC, et al.,                     :
                            Defendants. :
-------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

       WHEREAS, Defendants Blacklight SA and SSID LTD. ("Defendants") failed to appear at the Show Cause Hearing for why default judgment should not be entered, on November 5, 2020, at 10:30 a.m. It is hereby

       **ORDERED** that the Securities and Exchange's ("SEC's") application for default judgment as to Defendants' liability and enjoinment from violating certain securities law is GRANTED. The terms of the default judgment will follow in a separate order. It is further

       **ORDERED** that regarding the SEC's request for disgorgement, prejudgment interest and a civil penalty, that request is referred to Judge Katharine H. Parker ("Judge Parker") for a post-default judgment inquest on the appropriate amounts. "[I]t is well established that while a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages. Upon entry of a default, a plaintiff's claims for damages generally must be established in an evidentiary proceeding at which the defendant is afforded the opportunity to contest the amount claimed. There must be an evidentiary basis for the damages sought by plaintiff, and a district court may determine there is sufficient evidence either based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary

evidence." *Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund & Other Funds v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012); *accord Terry v. Masterpiece Advert. Design*, No. 17 Civ. 8240, 2018 WL 3104091, at *1 (S.D.N.Y. June 21, 2018).

The SEC has submitted the Declaration of Kathleen Shields and accompanying exhibits (Dkt. No. 187) to support its proposed disgorgement and prejudgment interest amounts. The SEC does not propose a civil penalty amount. In light of the requirement that there must be an "evidentiary basis" for, and an "opportunity [for the Defendant] to contest," the disgorgement, prejudgment interest and civil penalty amounts, an inquest and analysis by Judge Parker is appropriate. *Cement & Concrete Workers*, 699 F.3d at 234. The referral order to Judge Parker will follow separately.

Dated: November 5, 2019
      New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

2