## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | |
| **Plaintiff,** | **Civil Action No. 1:20-CV-00007-LGS** |
| **v.** | |
| **STEVE M. BAJIC,** <br> **RAJESH TANEJA,** <br> **NORFOLK HEIGHTS LTD.,** <br> **FOUNTAIN DRIVE LTD.,** <br> **ISLAND FORTUNE GLOBAL LTD.,** <br> **CRYSTALMOUNT LTD.,** <br> **WISDOM CHAIN LTD.,** <br> **SSID LTD.,** <br> **SURE MIGHTY LTD.,** <br> **TAMARIND INVESTMENTS INC.,** <br> **KENNETH CIAPALA,** <br> **ANTHONY KILLARNEY,** <br> **BLACKLIGHT SA,** <br> **CHRISTOPHER LEE MCKNIGHT, and** <br> **AARON DALE WISE,** | |
| **Defendants.** | |

### FINAL JUDGMENT AS TO DEFENDANT AARON DALE WISE

The Securities and Exchange Commission having filed a Complaint and Defendant

Aaron Dale Wise ("Defendant" or "Wise") having entered a general appearance; consented to

the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry

of this Final Judgment without admitting or denying the allegations of the Complaint (except as

to jurisdiction and except as otherwise provided herein in paragraph VII); waived findings of fact

and conclusions of law; and waived any right to appeal from this Final Judgment:

### I.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

is permanently restrained and enjoined from violating and aiding and abetting violations of

1

Section 5(a) and (c) of the Securities Act of 1933 (the "Securities Act")  [15 U.S.C. § 77e(a), (c)]

by, directly or indirectly, in the absence of any applicable exemption:

(a)     Unless a registration statement is in effect as to a security, making use of any
means or instruments of transportation or communication in interstate commerce
or of the mails to sell such security through the use or medium of any prospectus
or otherwise; or

(b)     Making use of any means or instruments of transportation or communication in
interstate commerce or of the mails to offer to sell or offer to buy through the use
or medium of any prospectus or otherwise any security, unless a registration
statement has been filed with the Commission as to such security, or while the
registration statement is the subject of a refusal order or stop order or (prior to the
effective date of the registration statement) any public proceeding or examination
under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in
Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who
receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's
officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or
participation with Defendant or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant
is permanently restrained and enjoined from violating and aiding and abetting violations of
Section 17(a)(1) and (3) of the Securities Act [15 U.S.C. § 77q(a)(1), (3)] in the offer or sale of
any security by the use of any means or instruments of transportation or communication in

interstate commerce or by use of the mails, directly or indirectly:

      (a)      to employ any device, scheme, or artifice to defraud; or

      (b)      to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## III.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating and aiding and abetting violations, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5(a) and (c) promulgated thereunder [17 C.F.R. § 240.10b-5(a), (c)], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

      (a)      to employ any device, scheme, or artifice to defraud; or

      (b)      to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's

officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or

participation with Defendant or with anyone described in (a).

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

is liable for disgorgement of $208,000, representing profits gained as a result of the conduct

alleged in the Complaint, together with prejudgment interest thereon in the amount of $24,185.11

and a civil penalty in the amount of $75,000 pursuant to 20(d) of the Securities Act [15 U.S.C. §

77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].  Defendant shall satisfy

this obligation by paying $307,185.11 to the Securities and Exchange Commission pursuant to

the terms of the payment schedule set forth in paragraph V below after entry of this Final

Judgment.

Defendant may transmit payment electronically to the Commission, which will provide

detailed ACH transfer/Fedwire instructions upon request.   Payment may also be made directly

from a bank account via Pay.gov through the SEC website at

http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank

cashier's check, or United States postal money order payable to the Securities and Exchange

Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

 and shall be accompanied by a letter identifying the case title, civil action number, and name of

this Court; Wise as a defendant in this action; and specifying that payment is made pursuant to

this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission shall hold the funds (collectively, the "Fund") and may propose a plan to distribute the Fund subject to the Court's approval.  Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.  The Court shall retain jurisdiction over the administration of any distribution of the Fund.  If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes.  To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset").  If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs.  Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment.  For purposes of this paragraph, a "Related Investor

5

Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 30 days following entry of this Final Judgment.  Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. §1961.

V.

Wise shall pay the total of disgorgement, prejudgment interest, and civil penalty due of $307,185.11 in 12 installments to the Commission according to the following schedule:  (1) $40,000, within 14 days of entry of this Final Judgment; (2) 11 payments of $24,289.56 each made on the first day of each calendar quarter following the entry of this Final Judgment, beginning no sooner than 90 days after the entry of this Final Judgment.  Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post judgment interest, which accrues pursuant to 28 U.S.C. §1961 on any unpaid amounts due after 30 days of the entry of Final Judgment.  Prior to making the final payment set forth herein, Wise shall contact the staff of the Commission for the amount due for the final payment.

If Wise fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

IX.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: November 23, 2020
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE