UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>                    Plaintiff,<br>   v.<br>STEVE M. BAJIC,<br>RAJESH TANEJA,<br>NORFOLK HEIGHTS LTD.,<br>FOUNTAIN DRIVE LTD.,<br>ISLAND FORTUNE GLOBAL LTD.,<br>CRYSTALMOUNT LTD.,<br>WISDOM CHAIN LTD.,<br>SSID LTD.,<br>SURE MIGHTY LTD.,<br>TAMARIND INVESTMENTS INC.,<br>KENNETH CIAPALA,<br>ANTHONY KILLARNEY,<br>BLACKLIGHT SA,<br>CHRISTOPHER LEE MCKNIGHT, and<br>AARON DALE WISE,<br>                    Defendants. | Civil Action No. 20-CV-0007-LGS |

**STIPULATION AND ORDER PARTIALLY UNFREEZING ASSETS
AS TO DEFENDANT RAJESH TANEJA AND TRANSFERRING ASSETS TO THE SEC**

Plaintiff Securities and Exchange Commission ("the Commission") and defendant Rajesh Taneja ("Taneja") hereby agree and stipulate as follows:

1. On January 6, 2020, the Commission filed a motion for an order freezing and repatriating assets (Dkt. No. 5) belonging to, or under the control of, defendants Steve M. Bajic, Rajesh Taneja, Norfolk Heights Ltd., Fountain Drive Ltd., Island Fortune Global Ltd., Crystalmount Ltd., Wisdom Chain Ltd., SSID Ltd., Sure Mighty Ltd., and Tamarind Investments Inc. (collectively the "Bajic-Taneja Defendants").

1

2. On January 9, 2020, the Court issued an Order Freezing and Repatriating Assets (Dkt. No. 37, the "Original Asset Freeze Order").

3. On January 15, 2020, on the Commission's motion, the Court issued a Revised Order Freezing and Repatriating Assets (Dkt. No. 45, the "Revised Asset Freeze Order").

4. On January 30, 2020, the Court issued a Stipulation and Order Freezing Assets as to Defendant Steve M. Bajic. (Dkt. No. 54).

5. On April 9, 2020, the Court issued an order extending the term of the Revised Asset Freeze Order as to defendants Taneja, Norfolk Heights Ltd., Fountain Drive Ltd., Island Fortune Global Ltd., Crystalmount Ltd., Wisdom Chain Ltd., SSID Ltd., Sure Mighty Ltd., and Tamarind Investments Inc. for the duration of the case.

6. When entering into the First Stipulation and Order, the Commission relied on a sworn statement from Taneja of his assets, income, and liabilities, including a description of the nature of Taneja's employment, which he provided under the penalty of perjury. If at any time following the entry of the First Stipulation and Order, or this Second Stipulation and Order, the Commission obtains information indicating that Taneja's representations to the Commission concerning his assets, income, liabilities or ongoing employment, were fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made, the Commission may, at its sole discretion, petition the Court to vacate this Stipulation and Order and reimpose the Revised Asset Freeze on Defendant Taneja.

6. On May 26, 2020 the Court issued a Stipulation and Order Freezing Assets as to Defendant Rajesh Taneja stipulating and ordering:

> [T]hat the Original Asset Freeze Order and the Revised Asset Freeze Order are vacated as to Taneja [and that] Taneja may withdraw $15,000 for attorneys fees from the account at DBS in Singapore, with the account number ending in 4865. This money

>shall be paid to the IOLTA account of his counsel, Tor Ekeland. Mr. Ekeland may bill against that sum at his typical hourly rate for legal services provided from the beginning of this case through July 15, 2020. Taneja may spend $6,000 per month for food and basic living expenses for a period of three months (or until July 15, 2020). $2,000 of this monthly permitted expense will come from current and future income from Taneja's ongoing hosting business that was disclosed by Taneja to the Commission. $4,000 of this monthly permitted expense may be made only from the DBS bank accounts with account numbers ending in 4865 and 0616. 3. DBS Bank is authorized to release the $4,000 in monthly living expenses described in paragraph III.D.2. of this Stipulation and Order on May 1, 2020, June 1, 2020 and July 1, 2020.

*See* Dkt. No. 119 (dated May 26, 2020).

7. Due to legal and regulatory difficulties in Singapore Mr. Taneja was unable to access the funds in the account located in the DB account in Singapore. Upon information and belief, the money is still in the DB account.

8. On November 20, 2020, the Court entered a partial Judgment against Mr. Taneja that obligated him to pay disgorgement and prejudgment interest to the Commission. *See* Dkt. No. 215 ("Judgment"). That Judgment obligated Barclays Bank to pay the entire balance of Mr. Taneja's account to the Commission in partial satisfaction of the Judgment. *See id.*, ¶XI.

8. On August 4, 2022, Mr. Taneja received notice from Barclays Bank in Switzerland informing him they were going to liquidate the assets held in his account into cash unless otherwise instructed by September 10, 2022. Mr. Taneja informed his attorneys who informed the Commission's counsel. After review, the Commission's counsel agreed that Mr. Taneja should tell the bank to proceed with the liquidation and hold the cash upon further instruction.

9. Mr. Taneja instructed Barclays Bank to liquidate the assets. Despite reaching out to Barclays, he has not received a statement of the cash realized from the liquidation.

10.     Despite the provisions in the Judgment, the parties had previously agreed through the First Stipulation and Order (Dkt. No. 119) that Mr. Taneja should have access to a limited amount of frozen funds to pay for his attorneys' fees and his living expenses. This Second Stipulation and Order effectuates the same purpose.

7.      The parties hereby stipulate, and the Court orders, as follows:

### I.

**IT IS HEREBY STIPULATED, AGREED AND ORDERED** that in entering into this stipulation Taneja is not waiving his objections with respect to venue and personal jurisdiction of this Court.

### II.

**IT IS HEREBY STIPULATED, AGREED AND ORDERED** that the provisions of the Judgment are modified solely as to Mr. Taneja's account at Barclays Bank Switzerland with account number ending 6404 (the "Barclays Account") as follows:

A.      Provided that the cash balance in the Barclays Account exceeds $100,000, Taneja may withdraw $96,686 from the Barclays Account, broken down as follows:

- $46,685.31 for accrued attorney's fees, paid to directly to his counsel, Tor Ekeland Law PLLC ("Counsel"), for legal services rendered.

- $25,000.00 for deposit into Counsel's IOLTA account for future legal expenses, Counsel may bill against that sum at their typical rates for legal services provided from the beginning of this case through termination.  At the conclusion of this action as to Mr. Taneja, any amounts remaining in Counsel's IOLTA account shall be paid to the Commission in partial satisfaction of the Judgment.

4

- $25,000.00 for deposit into Counsel's IOLTA account for Taneja's living expenses as discussed further below.

B. After the withdrawal permitted by paragraph II.A above, Taneja shall direct Barclays Bank to pay the entire remaining balance of the Barclays Account to the Commission in partial satisfaction of the Judgment.  Counsel for Taneja and the Commission shall agree on a form of letter of direction that Taneja shall send to Barclays Bank directing such payment.

C. Taneja may spend $6,000 per month for food and basic living expenses for a period of three months from the deposit and clearing of funds from the Barclays Account.  As provided by paragraph III.D.2 of the First Stipulation and Order, for a period of three months, $4,000 per month of these living expenses, for a total of $12,000, may be paid from the funds transferred to Counsel's IOLTA account pursuant to paragraph II.A above.

D. Counsel is authorized to release from his IOLTA account the $4,000 in monthly living expenses described in paragraph II.C. of this Stipulation and Order on the first of the three months following receipt and clearance of the funds from the Barclays Account.

E. The Commission's counsel and Taneja's counsel will confer after three months about the disposition of the remaining $13,000 in Counsel's IOLTA account for living expenses.  The parties will submit either a new proposed Order regarding the disposition of these funds or, if they are unable to agree, will file a joint letter, not to exceed 5 pages, in which each explains their position as to how these funds should be allocated.

### III.

**IT IS HEREBY STIPULATED, AGREED AND ORDERED** that this Order is entered without prejudice to any party's right to seek modification or relief from any part of this Order from the Court.  Unless otherwise ordered by the Court, this Order shall remain in effect until

entry of a Final Judgment as to Defendant Taneja or other final disposition of this action as to him.

Dated: October 14, 2022                                    Respectfully submitted,


/s/ Kathleen Burdette Shields
Kathleen Burdette Shields (admitted pro hac vice)
Securities and Exchange Commission
33 Arch St., 24th Floor
Boston, MA  02110
(617) 573-8904 (Shields)

shieldska@sec.gov

Counsel for Securities and Exchange Commission

/s/  Tor Ekeland
Tor Ekeland
Tor Ekeland Law, PLLC
30 Wall Street, 8th Floor
New York, NY 10005
(718) 737-7264
tor@torekeland.com

Counsel for Rajesh Taneja


**SO ORDERED:**

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

Dated: __October 17__, 2022

6