UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
SECURITIES AND EXCHANGE                                     :
COMMISSION,                                                 :
                                                            :    20 Civ. 7 (LGS)
                                    Plaintiff,              :
                                                            :         **ORDER**
                    -against-                               :
                                                            :
STEVE M. BAJIC, et al.,                                     :
                                                            :
                                    Defendants.             :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, on November 10, 2022, in connection with its motion for monetary remedies against Defendant McKnight, the Securities and Exchange Commission (the "SEC") requested to file under seal certain information in the SEC's opening memorandum of law. McKnight consents to the request.

      WHEREAS, a three-part inquiry determines whether to seal a document. *See Olson v. Major League Baseball*, 29 F.4th 59, 87-88 (2d Cir. 2022); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). The first question is whether the document is "a judicial document subject to the [presumed] right of public access," meaning that the document is "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch*, 435 F.3d at 119 (internal quotation marks omitted). The second step, if the presumption attaches, is to determine the weight of the presumption by assessing "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* The third step is to balance against the presumption any "competing considerations" such as "impairing law enforcement[,] judicial efficiency" and "the privacy interests of those resisting disclosure." *Id.* at 120. In weighing the presumption against competing

considerations, a court can seal documents only "if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.*

WHEREAS, for substantially the reasons stated in the SEC's motion at Dkt. No. 266, the Court finds that the parties' privacy interests overcome the presumption, if any, of public access to the redacted information. It is hereby

**ORDERED** that the SEC's motion to seal portions of its opening memorandum of law is **GRANTED**. Dkt. No. 267 shall remain under seal.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 266.

Dated: September 27, 2023
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE